UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ANTHONY L. SELF

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 13-716-SDD-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 10, 2015.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY L. SELF                                      CIVIL ACTION

VERSUS

                                            NUMBER 13-716-SDD-SCR

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

## **MAGISTRATE JUDGE'S REPORT**

Plaintiff Anthony L. Self brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying his applications for disability insurance and supplemental security income benefits ("SSI").

Based on the standard of judicial review under § 405(g), a careful review of the entire administrative record as a whole, and the analysis that follows, under sentence four of § 405(g) the Commissioner's decision should be reversed and the case remanded.

### **Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial

evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

Judicial review under § 405(g) does not require that all of the evidence support the ALJ's findings. Even if substantial evidence supports the claimant's position this is not a ground for reversal. As long as the ALJ's finding or decision is supported by substantial evidence in the record as a whole it must be affirmed.[1]

---

[1] *Carroll v. Dept. Health, Ed. and Welfare*, 470 F.2d 252, 254, n. 4 (5th Cir. 1972) (so long as there is substantial evidence to support the Commissioner's determination, the quantity of evidence submitted by the claimant is irrelevant in terms of judicial review); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001); *Palimino v. Barnhart*, 515 F.Supp.2d 705, 710 (W.D.Tex. 2007), citing, *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)(when record as a whole indicates a mixed collection of evidence regarding plaintiff's impairments and their impact, Commissioner's decision is upheld when there is substantial evidence to support it).

In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). Thus, on judicial review the Commissioner's decision is granted great deference, and the decision will not be disturbed unless the court cannot find substantial evidence in the record to support it, or the court finds an error of law was made. *Leggett v. Chater,* 67 f.3d 558, 564 (5th Cir. 1995).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require

the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. §§ 404.1520; 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §§ 404.1525; 416.925.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the claimant shows at step four that he is no longer capable of

4

performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that he cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

**Background and Claims of Error**

Plaintiff was 40 years of age at the time of the administrative law judge's ("ALJ") decision.[2] Plaintiff obtained his GED diploma and was employed in the past as a maintenance worker at a nursing home. Plaintiff had also done painting and landscaping work. In his May 2011 applications for disability and supplemental security income benefits, the plaintiff alleged that he became disabled and no longer able to work as of November 5, 2010 because of diabetes, gastroparesis, and high blood pressure. AR pp. 131-53. Although the plaintiff was able to work in 2011 after the date he alleged as the onset of his disability, the ALJ determined that this employment was not substantial gainful activity. AR p. 19.

Plaintiff's application was denied at the initial stages. Plaintiff requested an ALJ hearing, after which the ALJ issued an unfavorable decision. AR pp. 17-47. The ALJ found at the second step that the plaintiff had the following severe impairment -

---

[2] Plaintiff's age placed him in the category of a "younger person." 20 C.F.R. § 404.1563(c); § 404.1563(c).

diabetes mellitus. AR p. 20. In his analysis at the second step, the ALJ concluded that the plaintiff's diagnosed impairments of esophagitis, gastritis and hypertension were not severe impairments. The ALJ also noted that the plaintiff's medical records and tests showed a history of diabetic gastroparesis, but the ALJ did not make a specific finding on whether or not it was a severe impairment. AR pp. 20-22.

At the third step the ALJ determined that the plaintiff's impairments did not meet or medically equal the severity of any listed impairment. The ALJ stated in his conclusion at this step that he specifically considered the claimant's physical impairment under Listing 9.00, Endocrine System, but found that the signs, symptoms and history of treatment present in the record evidence were inconsistent with any impairment of listing-level of severity. AR p. 22.

The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite his severe impairments, the plaintiff was able to do any of his past relevant work or other work in the national economy.[3] After consideration of the record and relying on the physical residual functional capacity assessment of the state agency medical consultant, the ALJ determined the plaintiff had an RFC to perform a full range of

---

[3] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis. It is the foundation of the findings at steps four and five. 20 C.F.R. §§ 404.1545; 416.945.

6

light work. AR pp. 22-24. Given this RFC, the ALJ concluded that the plaintiff's former employment as a maintenance worker, landscaper and painter exceeded his current RFC for light work. Therefore, at the fourth step the ALJ found the plaintiff was unable to perform any of his past relevant work. Proceeding to the fifth step, the ALJ relied on the Medical-Vocational Guidelines to make his disability finding.[4] Based on the plaintiff's age, education, work experience and his finding the plaintiff could perform a full range of light work, the ALJ relied on Medical-Vocational Rule 202.21 to support the conclusion the plaintiff is not disabled. AR p. 25.[5]

In his appeal memorandum the plaintiff argued that several errors by the ALJ require reversal and remand under sentence four of § 405(g). Plaintiff raised several errors at the second step. First, the plaintiff asserted that at the second step the ALJ did not use the proper legal standard in making his finding that the plaintiff's gastritis and esophagitis were not severe impairments. Second, although the ALJ stated the plaintiff had a diagnosis of

---

[4] When the characteristics of the claimant correspond to criteria in the Medical-Vocational Guidelines of the regulations, and the claimant either suffers only from exertional limitations or his nonexertional limitations do not significantly affect his residual functional capacity, at the fifth step the ALJ may rely exclusively on the Guidelines in determining whether there is other work available in the national economy that the claimant can perform. *Selders v. Sullivan*, 914 F.2d 214, 618 (5th Cir. 1990); *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th 1987).

[5] Plaintiff exhausted his administrative remedies before filing this action for judicial review. The ALJ's decision is the Commissioner's final decision for purposes of judicial review.

7

gastroparesis, in his decision he failed to make a finding on its severity. Third, the ALJ improperly concluded that the plaintiff failed to follow prescribed treatment. Fourth, to the extent the ALJ found that gastritis and esophagitis were not severe impairments, the finding was not supported by substantial evidence.

Plaintiff's next claim of error focused on the ALJ's credibility assessment. Plaintiff argued that the ALJ's credibility assessment is contrary to the regulations, and the credibility finding is not supported by substantial evidence. With regard to the RFC finding, the plaintiff argued that as a result of the error at the second step the RFC finding does not include any limitations resulting from gastritis and gastroparesis. Therefore, the ALJ's RFC finding is unsupported by substantial evidence. Based on these multiple legal errors and the lack of substantial evidence on critical findings of the disability analysis, the plaintiff argued that the ALJ's decision must be reversed and the case remanded for reevaluation of his application for disability and SSI benefits.

The Commissioner argued that at step two the ALJ applied the correct legal standard for assessing the severity of the plaintiff's impairments. Commissioner also argued that substantial evidence supported the ALJ's conclusion that plaintiff's gastritis and esophagitis were not severe impairments. To the extent that the ALJ erred in this finding, the Commissioner argued that the error was harmless and the finding should be upheld. According to

the Commissioner, because the ALJ proceeded past step two of the disability analysis, and acknowledged and implemented his duty to consider all of the plaintiff's impairments in determining the plaintiff's RFC, this shows that the ALJ effectively considered these two gastric impairments throughout the analysis. Therefore, because any limitations resulting from these impairments were accounted for in the RFC, any error at step two is harmless. Finally, the Commissioner maintained that the ALJ applied the correct legal standards to evaluate the plaintiff's credibility and that finding was also supported by substantial evidence.

**Analysis**

Based on the standard of judicial review and a careful review of the entire administrative record as a whole, the plaintiff's claims of reversible error at the second step have merit.

The Commissioner's argument that the ALJ applied the correct legal standard at step two is not supported by the record. Review of the ALJ's decision supports finding that ALJ did not use the correct legal standard at the second step. Although the ALJ cited to *Stone v. Heckler*[6] and the essential language of the standard set forth in that case, when addressing the impairments of esophagitis and gastritis, the ALJ stated the following in reaching his

---

[6] An impairment is not severe only if it is a slight abnormality having such minimal effect on the individual that is would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985).

9

conclusion on their severity: "The claimant has been diagnosed with esophagitis and gastritis; but these conditions are not severe since the impairments have not lasted 12 continuous months." AR p. 20. Later in his decision the ALJ stated, with regard to the plaintiff's gastritis, that the condition was not expected to impose any work-related limitations within 12 months of onset. AR p. 21. In the same paragraph the ALJ repeated this conclusion: the plaintiff's gastritis is not severe because it was not a medically determinable impairment that was expected to last 12 months. *Id*.

Despite the reference to *Stone*, when the ALJ reached his conclusion on the severity of the plaintiff's gastritis and esophagitis he based it on a determination that the impairments were not expected to last 12 continuous months. This is not the governing standard under *Stone*. The severity of an impairment and its duration are separate issues. The regulations make it clear that at step two a claimant's alleged impairment must be a severe impairment and must also meet the duration requirement. The duration requirement for an impairment is not part of the inquiry or analysis for determining the severity of an impairment or combination of impairments.[7] Thus, the record establishes that the ALJ did not apply the correct legal standard to assess the severity

---

[7] *See*, 20 C.F.R. §§ 404.1505 and 416.905; 20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii); *Singletary v. Bowen*, 798 F.2d 818, 821 (5th Cir. 1986)(inquiries are intertwined but separate; duration requirement only applies to the impairment and severity requirement involves determining the effect of the impairment on the claimant' ability to work).

of the plaintiff's esophagitis and gastritis impairments.

The Commissioner argued that any errors by the ALJ at step two are harmless and not prejudicial to the plaintiff because: (1) the ALJ proceeded past step two, and recognized and implemented his duty to consider all of the plaintiff's impairments, both severe and non-severe, when determining his RFC; and, (2) substantial evidence supports the conclusion that any gastric impairments are not severe under the *Stone* standard.

Procedural perfection in administrative proceedings is not required. A judgment will not be vacated unless the substantial rights of a party have been affected. Procedural improprieties constitute a basis for remand only if they would cast into doubt the existence of substantial evidence to support the ALJ's decision. The primary policy underlying the harmless error rule is to preserve judgments and avoid waste of time. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)*; Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988).

When these principles are applied, the record does not support the Commissioner's argument. The medical records reflect that the plaintiff was diagnosed with esophagitis, gastritis, and diabetic gastroparesis. Although the ALJ cited the regulations requiring that all of a claimant's impairments, both severe and not severe, be considered in determining the RFC, review of the ALJ's decision does not support the Commissioner's position that the ALJ did so. In analyzing the plaintiff's RFC, the ALJ specifically noted that

diabetes mellitus was the plaintiff's only severe impairment, which he had for more than 20 years, and despite this impairment he was still able to maintain employment. The ALJ dismissed the plaintiffs gastric impairments and symptoms in his analysis by stating that they were not supported by the medical evidence, and more likely than were not caused by excessive use of "BC powders" rather than any impairment. AR pp. 22-24. Furthermore, even though the ALJ stated the records showed the plaintiff had a history of diabetic gastroparesis,[8] in neither his analysis at step two or in his RFC determination did the ALJ make a specific finding as to whether this was a severe impairment. Nor does his decision show that he considered symptoms associated with this impairment in his assessment of the plaintiff's RFC.

The Commissioner also argued that reversal for any errors at the second step is not warranted because there is substantial evidence to support the conclusion that the plaintiff's gastric impairments are not severe. The Commissioner pointed to the consultative examination of Dr. Barnabas Fote, and argued that his report provided substantial evidence that the gastric impairments were not severe.

However, review of Dr. Fote's report shows that he did not render an opinion on the severity of any of the plaintiff's impairments. In addition, he specifically stated that his assessment of the plaintiff's ability to sit, stand, pull, push,

---

[8] AR pp. 545-46, 549, 551.

kneel, crawl, crouch, reach, grasp, and handle objects was based on his musculoskeletal exam, without mentioning any consideration of symptoms associated with gastric impairments. AR pp. 369-70. Moreover, the ALJ stated in his decision that he accepted and relied on the opinion of the state agency medical consultant, Dr. Joseph Michalik, because it was consistent with the evidence of record in its entirety. AR p. 24, 59-60. Review of Dr. Michalik's report shows he concluded that the plaintiff's diagnosed impairments of gastritis and duodenitis were severe impairments. AR p. 60. Thus, the record contains no evidentiary choices or medical findings that support the ALJ's conclusion that the plaintiff's gastric impairments are non-severe.

The analysis above demonstrates legal errors and lack of substantial evidence to support the ALJ's findings at step two. These errors are not harmless. Reversal and remand to the Commissioner is required to correct these errors and properly evaluate the plaintiff's claim for disability and SSI benefits.

To the extent the plaintiff argued that other errors also require reversal of the ALJ's decision, the plaintiff may pursue any arguments related to these claims of error in the administrative proceedings on remand.

## RECOMMENDATION

It is the recommendation of the magistrate judge that, under sentence four of 42 U.S.C. § 405(g), the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying the

13

applications for disability insurance and supplemental security income benefits ("SSI") by plaintiff Anthony L. Self be reversed, and that this case be remanded to the Commissioner for reevaluation of the plaintiff's claim for benefits.

Baton Rouge, Louisiana, July 10, 2015.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE